(No. 3806—)

JAMES McGAUGHEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 13, 1945.*

JOHN F. GIBBONS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

FISHER, C. J.

This claim is for benefits under the provisions of the Workmen's Compensation Act. The original complaint was filed July 7, 1943, and an amended complaint on May 1, 1945. The facts are not in dispute.

Claimant was employed by respondent as a State Highway Policeman at a salary of $175.00 per month.

On the date of September 4, 1942 while on his regu-

larly assigned patrol on U. S. Highway 66 between Mt. Olive and Litchfield, Illinois, claimant's motorcycle was struck by an automobile, resulting in serious injuries to claimant. The left leg above the ankle was torn and there was some crushing of the bone of the leg. Claimant's leg was amputated at the mid calf. Subsequent to this amputation infection developed which necessitated further operation, which further operation was performed on October 10, 1943. The infection continued, and on December 1, 1943 claimant entered the hospital for further operative medical treatment. On July 3, 1944 a further operation and amputation become necessary, which was performed on July 3, 1944.

Claimant seeks temporary total disability, reimbursement for medical expenditures, and compensation for the total loss of use of his left leg.

The record consists of the Complaint, amended Complaint, Statement, Brief and Argument by Claimant and Respondent, Reports of Division of Highways filed August 31, 1943 and May 25, 1945, and Stipulation of Facts.

It is stipulated that the Department reports shall constitute the record in this case.

Respondent had immediate notice of the accident, and the complaint was filed within one year from the date of the injury. Claimant has complied with the jurisdictional requirements of the Workmen's Compensation Act.

In the Stipulation it is agreed that claimant's compensation rate amounts to $16.50 per week.

Claimant, by reason of the various amputations, was totally incapacitated for a period of 25–6/7 weeks, for which period he is entitled to compensation at the rate of $16.50 per week, a total of $426.64. Claimant suffered the entire loss of use of his left leg, for which, under the

Workmen's Compensation Act, he is entitled to compensation for 190 weeks at the rate of $16.50 per week, a total of $3,135.00. Claimant was compelled to pay for medical expenses, for which he is entitled to reimbursement in the sum of $469.00. Claimant is also entitled to have paid the sum of $55.00 for medical services to Dr. J. Albert Key, St. Louis, Missouri, which remains unpaid.

Claimant was paid for non-productive time a total of $476.67, which must be deducted from the amount due claimant under the provisions of the Workmen's Compensation Act, leaving a balance due claimant of $3,-608.97.

Claimant seeks compensation for travel expense from Alton and Edwardsville to Barnes Hospital in St. Louis, and return, approximated at $132.50; also compensation for 16 days sick leave, which leave he claims he was entitled to at the time of his injury. We find no provision in the Workmen's Compensation Act for the payment of estimated cost of transportation, or for sick leave, and the claim in regard to these two items cannot be allowed.

The Court of Claims Act, Section 8(d) provides that determination of claims of this kind "shall be in accordance with the substantive provisions of the Workmen's Compensation Act."

An award is therefore entered in favor of the claimant, James McGaughey, in the sum of $3,608.97, payable as follows:

$ 469.00 Reimbursement for medical and hospital bills paid by claimant.

 55.00 To Dr. J. Albert Key, St. Louis, Mo.

 2,739.00 Which has accrued and is payable forthwith.

 345.97 Payable at the rate of $16.50 per week, commencing November 16, 1945.